The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR20-151-RAJ |
| Plaintiff, | **MOTION FOR ENTRY OF A PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** |
| v. | |
| EPHRAIM ROSENBERG, *et al*. | NOTE ON MOTION CALENDAR: January 29, 2021 |
| Defendants. | |

## I.    RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C. § 2461(c) for entry of a protective order restraining $100,000[1] in United States currency seized from Defendant Nadis Nuhanovic's residence in Acworth, Georgia, on August 19, 2020, (the "Subject Currency") pending resolution of this criminal case. As detailed below, as well as in the Indictment and in the supporting Santiso Declaration, the Subject Currency is forfeitable

---

[1] The United States Federal Bureau of Investigation ("FBI") seized a total of $103,860 in United States currency from Defendant Nuhanovic's residence. Declaration of FBI Special Agent ("SA") Donald Santiso ("Santiso Declaration") ¶ 8. As set forth in more detail below, however, the United States is only pursuing forfeiture of $100,000, which had been vacuum-sealed and was located in an ottoman in Defendant Nuhanovic's baby's room at the time of seizure. *Id.*

pursuant to 18 U.S.C. § 1030(i)(1)(A) and (j)(1) as personal property that was intended to be used to commit or to facilitate the commission of computer fraud or conspiracy to commit computer fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1030, as charged in Count 1 of the Indictment.  *See* Dkt. No. 1 at 11-35.  The Subject Currency should therefore remain in the United States' possession and available for forfeiture until this case is resolved.

## II.    FACTUAL BACKGROUND

On September 16, 2020, the United States filed a nine-count Indictment charging the defendants, including Defendant Nuhanovic, with, among other offenses, conspiracy to harm Amazon.com, Inc.'s ("Amazon") online marketplace (the "Amazon Marketplace"), third-party ("3P") merchants selling goods on the Amazon Marketplace, and consumers by, among other acts, depriving Amazon of the exclusive use and confidentiality of its internal business information, interfering with Amazon's ability to ensure the safety and authenticity of goods sold on the Amazon Marketplace, and impairing consumers' access to accurate, reliable information about 3P merchants and products being sold through the Amazon Marketplace, all in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(iii). *See generally* Dkt. No. 1. The Indictment charges that, to accomplish these objectives, Defendant Nuhanovic and others conspired to pay, and did pay, over $100,000 in bribes to complicit Amazon employees and contractors (collectively, the "Amazon Insiders") in exchange for unauthorized access to Amazon's computer systems, processes, and information that regulate day-to-day operations of the Amazon marketplace. *Id.* The Indictment further charges the defendants, including Defendant Nuhanovic, with transmitting such bribes to Amazon Insiders using various means including, but not limited to, bulk cash transfers and some money transfer and remittance services such as MoneyGram and Remitly which accept cash deposits. Dkt. No. 1 at 13-14.

As part of the conspiracy, Defendant Nuhanovic and other co-conspirators are charged with paying bribes to Amazon insiders and using other unlawful means to:

Motion for Protective Order to Restrain Forfeitable Property - 2
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Gain access to the Amazon Insiders' credentials and network access privileges, which could be and were indeed used to gain unauthorized access to Amazon's protected computers;

- Obtain confidential information taken from Amazon's protected computers including, but not limited to, Amazon's standard operating procedures, Defendant Nuhanovic's and other co-conspirators' account information, competitor 3P sellers' account information, and customers' information;

- Secure reinstatement of 3P sellers' accounts which Amazon had blocked;

- Attack competing 3P sellers' accounts and product listings;

- Eliminate limits on 3P sellers' abilities to store hazmat, oversized, and/or long-term inventory at Amazon's warehouses;

- Erase shipping tracking information from Amazon's computer network, which induced Amazon to falsely conclude that it had not returned certain inventory to 3P sellers and to therefore reimburse those sellers for inventory that Amazon falsely believed had been lost in transit; and

- Misappropriate legitimate supplier invoices that other 3P sellers submitted to Amazon, altered the invoices to make it appear as though 3P seller accounts owned and controlled by the co-conspirators and their clients were the counterparties to the invoices, and submitted the invoices back to Amazon in order to defraud Amazon into granting approval to make sales in restricted product categories, such as dietary supplements.

Dkt. No. 1 at 14-18.

The misappropriation and fraudulent alteration of supplier invoices is of particular import here. In order to sell certain categories of products (e.g., dietary supplements), 3P sellers typically must demonstrate that they have sourced those products from a legitimate wholesaler through the use of an invoice issued by that wholesaler. Santiso Declaration ¶ 5. This requirement is intended to prevent sellers from selling counterfeit

Motion for Protective Order to Restrain Forfeitable Property - 3
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

products and from engaging in retail arbitrage—the practice of purchasing products from one retailer and selling the same product on the Amazon Marketplace for a profit. *Id.* Defendant Nuhanovic and others conspired to defraud Amazon into granting categorical approval to sell dietary supplements. *Id.*

Chats produced by Amazon Insiders reveal that Defendant Nuhanovic solicited them to misappropriate invoices from Amazon's network. Santiso Declaration ¶ 6.  For example, in an April 13, 2018, WhatsApp chat, Defendant Nuhanovic instructed one Amazon Insider to provide Defendant Nuhanovic with unauthorized access to invoices that other 3P seller accounts had sent Amazon. *Id.* Defendant Nuhanovic offered the Amazon Insider a $2,000 bribe for this misappropriated information. Defendant Nuhanovic wrote: "dont [sic] forget to get me invoices from their case logs please. Try to pull much as you can. It will be well worth it for you and I [sic]." *Id.*

Similarly, chats produced by Amazon Insiders and other records found pursuant to warrants show that Defendant Nuhanovic discussed using the stolen invoices to create altered invoices that appeared to have been issued to 3P accounts that he controlled. Santiso Declaration ¶ 7.  For example, Defendant Nuhanovic instructed Nilsen: "Don't forget to send invoices [sic] and whaybeer [sic] someone else used for approval [s]o he can get started making us a template." *Id.* Later that month, Defendant Nuhanovic asked for "invoices so the guys can edit out in .psd," which refers to a file format accessible through the file-editing program Adobe Photoshop. *Id.* About six months later, Nuhanovic told Nilsen that another former Amazon employee created fake invoices on Adobe Photoshop for category approval requests: "[m]y man … banged out supplement approval." *Id.*

FBI seized the Subject Currency from Defendant Nuhanovic's residence on August 19, 2020, pursuant to a sealed Search and Seizure Warrant issued from the U.S. District Court for the Northern District of Georgia, Case No. MC20-1460 (the "Warrant"). Santiso Declaration ¶ 8. FBI agents found the Subject Currency in vacuum-

Motion for Protective Order to Restrain Forfeitable Property - 4
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sealed packaging hidden inside a llama-shaped ottoman in Defendant Nuhanovic's baby's room. *Id.* The Subject Currency was arranged in $10,000 stacks comprised of $100 bills:





Motion for Protective Order to Restrain Forfeitable Property - 5
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



Santiso Declaration, Ex. A.

During FBI's search of Defendant Nuhanovic's residence pursuant to the Warrant, FBI agents interviewed Defendant Nuhanovic. Santiso Declaration ¶ 9. FBI agents read Defendant Nuhanovic his *Miranda* rights, and, after acknowledging that he understood his rights, Defendant Nuhanovic proceeded to answer questions. *Id.* When asked about the Subject Currency, Defendant Nuhanovic answered that the Subject Currency had been loaned to him by an unindicted co-conspirator, identified in the Indictment as Client-1[2], allegedly to purchase dietary supplement inventory to be sold by Defendant Nuhanovic through one or more of his 3P seller accounts on the Amazon Marketplace. *Id.* Some or all of the 3P seller accounts Defendant Nuhanovic owned or controlled received

---

[2] Client-1 died before the Grand Jury returned the Indictment. Santiso Declaration ¶ 10. Before Client-1's death, however, Client-1 was involved in the computer fraud conspiracy described herein including, but not limited to, by paying Defendant Nuhanovic and other co-conspirators hundreds of thousands of dollars in exchange for fraudulent reinstatement of Client-1's 3P seller accounts, fraudulent attacks on competitors' 3P seller accounts, and other fraudulent services. *Id.*, *see also* Dkt. No. 1, ¶¶ 30–31, 35.

Motion for Protective Order to Restrain Forfeitable Property - 6
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

authorization from Amazon to sell dietary supplements on the Amazon Marketplace as a direct result of the computer fraud—including the misappropriation and alteration of wholesaler invoices—discussed above. *Id.*

In addition to outlining many of the facts discussed above, the Indictment contains forfeiture allegations giving notice that the United States intends to seek forfeiture of any personal property that facilitated the conspiracy to commit computer fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1030, as charged in Count 1.  *See* Dkt. No. 1 at 36–38.

After seizing the Subject Currency, the FBI initiated administrative forfeiture proceedings against the Subject Currency pursuant to 18 U.S.C. § 983 (governing non-judicial forfeiture). Santiso Declaration ¶ 11.  On October 15, 2020, in the administrative process, Defendant Nuhanovic submitted a claim to the Subject Currency, which the FBI referred to the United States Attorney's Office for judicial forfeiture. *Id.*; *see also* Santiso Declaration, Ex. B. Pursuant to 18 U.S.C. § 983(a)(3), the United States is required either to file a civil judicial forfeiture action against the Subject Currency or to allege its forfeiture in this criminal case and take steps to maintain custody of it. The procedural facts set forth above establish probable cause to believe that the Subject Currency was intended to be used to commit or to facilitate the commission of computer fraud or conspiracy to commit computer fraud, as charged against the defendants in the Indictment, and is therefore forfeitable pursuant to 18 U.S.C. § 1030(i)(1)(A) and (j)(1). Accordingly, the United States seeks to forfeit the Subject Currency criminally and now requests its continued restraint for that purpose. The Subject Currency is in the custody of the U.S. Marshals Service. *Id.* ¶ 12.

### III.   GOVERNING LAW AND ARGUMENT

The United States requests the Court issue a protective order pursuant to 21 U.S.C. § 853(e)(1)(A) restraining the Subject Currency for the duration of this case.  Section 853(e)(1)(A) authorizes the Court to enter orders or to fashion other remedies to preserve the availability of property subject to criminal forfeiture. *See United States v. Monsanto*, 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a restraining

Motion for Protective Order to Restrain Forfeitable Property - 7
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

order if the United States requests it[.]").  Where there is probable cause to believe the relevant property is forfeitable, the United States is generally allowed to restrain it.  *See United States v. Kaley,* 571 U.S. 320, 323 (2014), 134 S. Ct. 1090, 1095 (2014) ("[P]re-trial asset restraint [is] constitutionally permissible whenever there is probable cause to believe that the property is forfeitable"); *see also Monsanto,* 491 U.S. at 615–16 (recognizing Section 853(e)(1) allows for the pretrial restraint of assets where there is probable cause to believe they are forfeitable, stating "[i]ndeed, it would be odd to conclude that the Government may not restrain property . . . based on a finding of probable cause, when we have held that . . . the Government may restrain *persons* where there is a finding of probable cause").

Here, there is probable cause to believe that the Subject Currency if forfeitable. Specifically, 18 U.S.C. §§ 1030(i)(1)(A) and (j)(1) provide in pertinent parts:

> (i)(1) The court, in imposing sentence on any person convicted of a violation of this section, or convicted of conspiracy to violate this section, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person forfeit to the United States— (A) such person's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such violation….
>
> (j) For purposes of subsection (i), the following shall be subject to forfeiture to the United States and no property right shall exist in them: (1)Any personal property used or intended to be used to commit or to facilitate the commission of any violation of this section, or a conspiracy to violate this section.

Notably, sections 1030(i)(1)(A) and (j)(1) make clear that personal property is forfeitable whether actually used or ***intended*** to be used to commit or facilitate either the commission of a violation of section 1030 or ***a conspiracy*** to violate the section. *Id.* (Currency is unquestionably "personal property" subject to forfeiture. *See, e.g.*, *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 493 (9th Cir. 1997) (recognizing that currency constitutes "movable personal property" in the seizure and forfeiture contexts)).

Motion for Protective Order to Restrain Forfeitable Property - 8
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The Subject Currency satisfies the foregoing criteria. As set forth above, there is

2    probable cause to believe that Defendant Nuhanovic and other co-conspirators conspired

3    to, among other acts, bribe Amazon Insiders to obtain confidential information taken

4    from Amazon's protected computers. Dkt. No. 1 at 14-18. Such information included

5    legitimate supplier invoices that other 3P sellers submitted to Amazon. *Id.* Members of

6    the conspiracy then altered the invoices to make it appear as though 3P seller accounts

7    owned and controlled by Defendant Nuhanovic and other co-conspirators were the were

8    the wholesale purchasers on the invoices. *Id.* The co-conspirators submitted the altered

9    invoices back to Amazon in order to defraud Amazon into granting approval to make

10   sales in restricted product categories, such as dietary supplements. *Id.* The co-

11   conspirators capitalized on the fraudulently-obtained approvals by selling restricted

12   products, including dietary supplements, on the Amazon Marketplace. *Id.*; *see also*

13   Santiso Declaration ¶¶ 5–7. Finally, Defendant Nuhanovic stated that he received the

14   Subject Currency—which had been hidden in his baby's nursery in vacuum-sealed

15   packaging and divided into stacks of $10,000 in $100 bills—from Client-1, a co-

16   conspirator, and that they intended to use it to purchase dietary supplements to sell on the

17   Amazon Marketplace. Santiso Declaration ¶¶ 8–9. Of course, in order to sell dietary

18   supplements on the Amazon Marketplace, Defendant Nuhanovic required authorization

19   from Amazon, which he obtained on multiple occasions through the fraudulent access,

20   misappropriation, and alteration of confidential information on Amazon's computer

21   systems.

22       Based on these and other facts, the United States submits there is probable cause

23   to believe the Subject Currency is subject to forfeiture.  To preserve the Subject

24   Currency's availability for forfeiture, the United States respectfully requests that the

25   Court enter a protective order permitting the Subject Currency's continued restraint

26   //

27   //

28   //

Motion for Protective Order to Restrain Forfeitable Property - 9
*United States v. Rosenberg, et al.*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

through the conclusion of this case, to include criminal ancillary forfeiture proceedings. A proposed order is submitted with this motion.

DATED this 19th day of January, 2021.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-2242
Jehiel.Baer@usdoj.gov

Motion for Protective Order to Restrain Forfeitable Property - 10
*United States v. Rosenberg, et al.,* CR20-151 RAJ

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

 /s/ Chantelle Smith
CHANTELLE SMITH
FSA Supervisory Paralegal, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Chantelle.Smith2@usdoj.gov

Motion for Protective Order to Restrain Forfeitable Property - 11
*United States v. Rosenberg, et al.,* CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970