The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>HADIS NUHANOVIC,<br><br>                Defendant. | Case No. 2:20-CR-00151-RAJ<br><br>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER |

The Government has filed a Motion for Entry of a Protective Order Restraining Certain Forfeitable Property and seeks a protective order restraining $100,000 in U.S. currency that was seized at Defendant Hadis Nuhanovic's ("Mr. Nuhanovoc") residence on or about August 19, 2020 (the "Subject Currency"). Dkt. No. 73.

Counsel for Mr. Nuhanovic objects to the assertion that "*there is probable cause to believe the Subject Currency is subject to forfeiture.*" Dkt. No. 73 at 10. Special Agent Donald Santiso's affidavit states that the Subject Currency was loaned to Mr. Nuhanovic by "*Client-1*." Dkt. No. 73-1 at 4. But there is no specific evidence that the Subject Currency was derived from an illegal source or

that the loan itself was somehow illegal.  Moreover, there is no specific evidence that the Subject Currency was going to be used or intended to be used for an illegal purpose.  Special Agent Satiso's affidavit states that the Subject Currency was going to be used "*allegedly to purchase dietary supplement inventory to be sold by Defendant Nuhanovic through one or more of his 3P seller accounts....*"  Dkt. No. 73-1 at 4.  Even if this is true, the act of purchasing dietary supplements is not a crime.

      Counsel for Mr. Nuhanovic also objects to the Government's assertion that a protective order is necessary "*[t]o preserve the Subject Currency's availability for forfeiture...*" Dkt. No. 73 at 10.  As Special Agent Satiso's affidavit states, Mr. Nuhanovic filed a claim for the Subject Currency, requesting that the Subject Currency be referred to the United States Attorney's Office for judicial forfeiture. Dkt. No. 73-1 at 11.  Mr. Nuhanovic, however, has not requested the immediate return of the funds, nor does he have any intention of doing so until the conclusion of the criminal case.  The claim referenced in Special Agent Satiso's affidavit was made simply to preserve Mr. Nuhanovic's right to the funds under 18 U.S.C. § 983(a)(2).

      For these reasons, Counsel objects to the Government's assertions that there is probable cause to believe the Subject Currency is subject to forfeiture and that a

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER - 2

protective order is necessary to preserve the Subject Currency's availability for forfeiture.

This 26th day of January, 2021.

          PATE, JOHNSON & CHURCH, LLC

          /s/ Jess B. Johnson
          Jess B. Johnson
          Georgia Bar No.: 322066
          Pate, Johnson & Church, LLC
          101 Marietta Street, Suite 3300
          Atlanta, Georgia 30303
          (404) 223-3310
          Attorney for Defendant
          *Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

PATE, JOHNSON & CHURCH, LLC

/s/ Jess B. Johnson
Jess B. Johnson
Georgia Bar No.: 322066
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice*

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER - 4