The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

EPHRAIM ROSENBERG, *et al*.

Defendants.

NO.  CR20-151-RAJ

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY**

Entry of a protective order *restraining* the $100,000 in United States currency seized from Defendant Hadis Nuhanovic's residence is warranted on the record presented and consistent with this District's standard forfeiture practice. The Defendant will have ample opportunity to challenge the actual *forfeiture* of the currency later in these criminal proceedings—i.e., in the context of plea negotiations and/or at trial.

Defendant Nuhanovic's argument that there is insufficient evidence to establish probable cause that the currency may be forfeitable in this case is entirely inaccurate. As the Court is well aware, "[p]robable cause...is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320 (2014). Here, the United States has easily made that showing. As reflected in its motion, the United States asserts the currency is forfeitable as

United States' Reply to Defendant's Response to Government's
Motion for Protective Order to Restrain Forfeitable Property - 1
*United States v. Rosenberg, et al.,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   "facilitating" property for the conspiracy charged in Count 1. In other words, the

2   currency was "intended to be used to … facilitate the [Defendant's] commission" of the

3   conspiracy to access Amazon's computer systems without authorization, including for the

4   purpose of selling restricted dietary supplements using confidential information and

5   documents that Defendant Nuhanovic and his co-conspirators misappropriated from

6   Amazon's computer systems and fraudulently altered for their benefit. 18 U.S.C.

7   § 1030(i)(1)(A). The facts set forth in Special Agent Donald Santiso's supporting

8   declaration, *including the Defendant's own admission that he intended to use the*

9   *currency to purchase restricted supplements so he could resell them on the Amazon*

10  *Marketplace,* are more than sufficient to state a "fair probability" the currency would be

11  forfeitable as "facilitating" property for the criminal conspiracy if the Defendant is

12  ultimately convicted of or pleads guilty to Count 1.

13       Defendant Nuhanovic ignores the legal basis for forfeiture articulated by the

14  United States and the facts asserted by the United States to support that basis. Instead, he

15  mistakenly argues that the currency must be "proceeds" of a crime or constitute an illegal

16  loan to be forfeitable. Not so. The United States is pursuing forfeiture of the currency as

17  "facilitating" property, and the Defendant's refusal or failure to respond to *that* basis

18  further supports a finding of probable cause and an order authorizing the United States'

19  continued retention of the currency pending the outcome of this criminal case.

20       Although the Defendant does not object to the government's continued restraint of

21  the currency, he suggests a protective order is not necessary to effect that restraint. At this

22  juncture, however, because the Defendant has filed an administrative claim to the

23  currency, it is standard practice in this District for the United States to seek a protective

24  order reflecting a judicial finding of probable cause for its continued restraint. This

25  ensures the government satisfies its obligations pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)

26  (providing that, after an administrative claim has been filed, where the government is

27  pursuing the *criminal* forfeiture of the relevant property, the government give notice it

28  will be pursuing forfeiture of the property in the criminal case and "take the steps

United States' Reply to Defendant's Response to Government's
Motion for Protective Order to Restrain Forfeitable Property - 2
*United States v. Rosenberg, et al.,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  necessary to preserve its right to maintain custody of the property"). It is this initial
2  probable cause finding the United States seeks here, and that finding is well supported on
3  the record presented.

4    For these reasons, the United States respectfully requests that the Court enter the
5  proposed protective order restraining the currency for the duration of this criminal case.
6  Consistent with governing law and procedure, the actual forfeiture of the currency will
7  depend on the Defendant's conviction on the relevant criminal conspiracy count and
8  would not be final until his sentencing. *See United States v. Lazarenko,* 476 F.3d 642,
9  647 (9th Cir. 2007) ("Courts impose criminal forfeiture as punishment following
10  conviction of a substantive criminal offense."); Fed. R. Crim. P. 32.2(a)(4)(A) (criminal
11  forfeitures are final as to a defendant at sentencing).

12    DATED this 29th day of January, 2021.

13                                              Respectfully submitted,

14                                              BRIAN T. MORAN
15                                              United States Attorney

16

17                                              */s/ Jehiel I. Baer*
18                                              JEHIEL I. BAER
                                                Assistant United States Attorney
19                                              700 Stewart Street, Suite 5220
                                                Seattle, WA 98101-1271
20                                              (206) 553-2242
21                                              Jehiel.Baer@usdoj.gov

22

23

24

25

26

27

28

United States' Reply to Defendant's Response to Government's
Motion for Protective Order to Restrain Forfeitable Property - 3
*United States v. Rosenberg, et al.,* CR20-151-RAJ

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that on January 29, 2021, I electronically filed the foregoing with

4  the Clerk of the Court using the CM/ECF system, which automatically serves the parties

5  of record.

6

7                              _/s/ Chantelle Smith_____
8                              CHANTELLE SMITH
                               FSA Supervisory Paralegal, Contractor
9                              United States Attorney's Office
10                             700 Stewart Street, Suite 5220
                               Seattle, WA  98101
11                             (206) 553-2242
12                             Chantelle.Smith2@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Reply to Defendant's Response to Government's
Motion for Protective Order to Restrain Forfeitable Property - 4
*United States v. Rosenberg, et al.,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970