The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-151-RAJ |
| Plaintiff, | |
| v. | **MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| HADIS NUHANOVIC, | |
| Defendant. | NOTE ON MOTION CALENDAR: February 3, 2023 |

The United States respectfully requests a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b), 21 U.S.C. § 853(p), and Defendant Hadis Nuhanovic's plea agreement, Dkt. No. 150, forfeiting Defendant's interest in (i) a sum of money ("Money Judgment") in the amount of $100,000, representing proceeds Defendant personally obtained from his commission of *Conspiracy to Commit Violations of the Travel Act*, in violation of 18 U.S.C. § 371; and (ii) $100,000 in United States currency, seized from Defendant's residence ("Seized Currency"), as substitute property in satisfaction of the Money Judgment.

## I.    FACTS

On August 19, 2020, the Federal Bureau of Investigation ("FBI") executed a search warrant for Defendant's residence. Dkt. No. 150 at 11. During the search, FBI seized the Seized Currency, which agents found arranged in $10,000 stacks comprising

$100 bills, in vacuum-sealed packaging hidden inside a llama-shaped ottoman in Defendant's child's bedroom. *Id.* FBI timely commenced administrative forfeiture of the Seized Currency pursuant to 18 U.S.C. § 983. *See* Dkt. No. 73-1 (Declaration of FBI Special Agent Donald Santiso in Support of Motion for Protective Order Restraining Certain Forfeitable Property) ¶ 11.

On September 28, 2022, Defendant pled guilty to *Conspiracy to Commit Violations of the Travel Act*, in violation of 18 U.S.C. § 371, and *Filing False Tax Return*, in violation of 26 U.S.C. § 7206(1). Dkt. No. 150. In his Plea Agreement, Defendant agreed to forfeit the above-identified sum of money pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), as it reflects the proceeds he personally obtained from his commission of the *Conspiracy to Commit Violations of the Travel Act* offense. *Id.* ¶ 14. The indictment included forfeiture allegations that specifically identified the Seized Currency as property subject to forfeiture, which preserved the United States' ability to pursue forfeiture of the Seized Currency in the criminal proceeding in the face of potential claims in the administrative forfeiture proceeding. 18 U.S.C. § 983(a)(3)(C).

Defendant ultimately did submit a claim to the Seized Currency in the administrative forfeiture proceeding, which FBI referred to the United States Attorney's Office for judicial forfeiture. Dkt. No. 73-1 ¶ 11. In response, and to further preserve the Seized Currency's availability for forfeiture, the United States moved for a protective order authorizing the continued restraint of the Seized Currency pending resolution of this case. *See* Dkt. No. 73. The United States specifically moved to restrain the Seized Currency on the grounds that the currency was forfeitable under 18 U.S.C. §§ 1030(i)(1) and (j) as personal property that was intended to be used to commit or facilitate the commission of conspiracy to violation 18 U.S.C. § 1030, as charged in count 1 of the indictment. *Id.* at 8. The Court granted the United States' motion over Defendant's objection. Dkt. Nos. 74 and 78.

Motion for Preliminary Order of Forfeiture - 2
*United States v. Hadis Nuhanovic,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    On September 28, 2022, Defendant entered into a plea agreement with the United

2    States, in which Defendant agreed to enter a plea of guilty to two counts in a Superseding

3    Information: one count of conspiracy to commit violations of the Travel Act, in violation

4    of 18 U.S.C. § 371, and one count of filing a false tax return, in violation of 26 U.S.C.

5    § 7206(1). Dkt. No. 150; *see also* Dkt. No. 146 (superseding information). Notably,

6    neither count charged in the superseding information carried with it the specific authority

7    identified by the United States in its motion for a protective order as supporting forfeiture

8    of the Seized Currency in this proceeding. Defendant admitted in his plea agreement,

9    however, that he personally obtained more than $100,000 in proceeds as a result of the

10   conspiracy offense to which he pleaded guilty, Dkt. No. 150 at 11, and he agreed to the

11   Money Judgment in that amount, *id.* at 16. Defendant further agreed that the Seized

12   Currency would be included in an Order of Forfeiture and forfeited to the United States

13   as a substitute asset pursuant to 21 U.S.C. § 853(p). *Id.* at 16. To that end, Defendant

14   agreed the conditions set forth in 21 U.S.C. §§ 853(p)(1)(A)–(E) have been satisfied. *Id.*

15   In the plea agreement, Defendant acknowledged that the Money Judgment is

16   separate and distinct from any restitution or criminal fine the Court may order in this

17   case. The United States agreed, however, that it would credit any amount Defendant pays

18   toward restitution or a criminal fine as part of a sentence imposed in this case against the

19   outstanding balance of the Money Judgment.

20                          **II.    ARGUMENT**

21   Upon entry of a guilty plea on any count for which criminal forfeiture is sought,

22   the Court is charged with determining what property is subject to forfeiture. Fed. R.

23   Crim. P. 32.2(b)(1)(A). Where, as here, the United States seeks a personal money

24   judgment, part of the Court's charge includes determining "the amount of money that the

25   defendant will be ordered to pay." *Id.* Where forfeiture is required, and unless otherwise

26   impractical, the rules require entry of a preliminary order of forfeiture in advance of

27   sentencing. Fed. R. Crim. P. 32.2(b)(2)(A)–(B). Depending on the Court's forfeiture

Motion for Preliminary Order of Forfeiture - 3
*United States v. Hadis Nuhanovic,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

determinations, the preliminary order of forfeiture may do any or all of the following: (i) set forth the amount of any money judgment; (ii) direct the forfeiture of specific property; and/or (iii) direct the forfeiture of any substitute property "if the government has met the statutory criteria" set forth in 21 U.S.C. § 853(p). Here, the government asks the Court to both order a $100,000 money judgment  and direct the forfeiture of the Seized Currency as substitute property in satisfaction of that money judgment.

The requested Money Judgment is warranted here as it represents the minimum proceeds Defendant obtained from his commission of the offense charged in Count 1 of the Superseding Information. The forfeiture authority for that count is found in 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), which requires forfeiture, as part of the sentence in the criminal case, of property constituting or derived from proceeds of the offense. 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). In the Ninth Circuit, the Court's determination of the amount of a money judgment under 18 U.S.C. § 981(a)(1)(C)—the forfeiture statute that applies to Defendant's convictions of wire fraud, mail fraud, and conspiracy to commit wire fraud and mail fraud—is based on "how much of the proceeds of the crime came to rest with" Defendant. *United States v. Thompson*, 990 F.3d 680, 691 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 616 (2021). That amount is, at a minimum, $100,000, based on Defendant's admissions in his plea agreement. Dkt. No. 150 at 16. The Money Judgment is personal to Defendant and, pursuant to Rule 32.2(c)(1), no third-party ancillary process is required before forfeiting it. Fed. R. Crim. P. 32.2(c)(1) ("[N]o ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.").

The Court should also direct the forfeiture of the Seized Currency as substitute property in satisfaction of the Money Judgment. Rule 32.2(b)(2)(A) states that a preliminary order of forfeiture may "direct[] the forfeiture of any substitute property if the government has met the statutory criteria." Those criteria are set forth in 21 U.S.C. § 853(p)(1), which states in pertinent part:

Motion for Preliminary Order of Forfeiture - 4
*United States v. Hadis Nuhanovic,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

    (1) Paragraph (2) of this subsection [relating to the forfeiture of substitute property] shall apply, if any property described in subsection (a) [relating to the forfeiture of specific property], as a result of any act or omission of the defendant –

4

5

6

7

        (A) cannot be located upon the exercise of due diligence;
        (B) has been transferred or sold to, or deposited with, a third party;
        (C) has been placed beyond the jurisdiction of the court;
        (D) has been substantially diminished in value; or
        (E) has been comingled with other property which cannot be divided without difficulty.

8

9

10

11

12

13

14

15

Where at least one of those criteria is satisfied—i.e., where a defendant has made otherwise forfeitable specific property unavailable for forfeiture by one or more of the means described in §§ 853(p)(1)(A) through (E)—"Paragraph (2)" of the section directs the Court to order forfeiture "of any other property of the defendant, up to the value of" the specific property. As the Ninth Circuit explained: "[T]he law provides that if, upon conviction, forfeitable assets are unreachable by the government, the court shall order the forfeiture of substitute assets: property of the defendant that is not connected to the underlying crime." *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994).

16

17

18

19

20

21

22

23

24

      Here, Defendant has agreed that the "conditions set forth in [21 U.S.C. §§ 853(p)(1)(A)–(E)] have been satisfied." Dkt. No. 150 at 16. He further expressed his understanding that the United States "may pursue additional property of Defendant as substitute assets up to the unpaid amount" of the Money Judgment. *Id.* Indeed, the Money Judgment represents the specific property—the proceeds of Defendant's conspiracy to violate the Travel Act—the government would have forfeited if Defendant had not rendered them unreachable. With Defendant's admission that the government has met the statutory criteria, the Court should direct the forfeiture of the Seized Currency as substitute property.

25

26

27

      Unlike the Money Judgment, forfeiture of the Seized Currency is subject to the third-party ancillary process. Fed. R. Crim. P. 32.2(e)(2)(B); *see also United States v. Lester*, 85 F.3d 1409 (9th Cir. 1996) (third parties may contest the forfeiture of substitute

assets in the ancillary proceeding). Thus, upon entry of the Preliminary Order of Forfeiture, the government will follow the procedures set forth in Rule 32.2(b)(6) and 21 U.S.C. § 853(n) for providing third-party notice regarding the Seized Currency, and, as necessary, the procedures set forth in Rule 32.2(c) for conducting ancillary proceedings. Any amounts of the Seized Currency finally forfeited to the United States, following completion of the third-party notice process and any ancillary forfeiture proceeding, will be applied toward the then-outstanding balance of the Money Judgment.

The Money Judgment is separate and distinct from any restitution or criminal fine the Court may order in this case. In the plea agreement, the United States agreed that it would credit any amount Defendant pays toward restitution or a criminal fine as part of a sentence imposed in this case against the outstanding balance of the Money Judgment. Accordingly, if, at the time forfeiture of the Seized Property has become final, Defendant has separately made payments toward any restitution obligation or criminal fine imposed by the Court, the United States will revise the forfeiture of the Seized Currency so that it does not exceed the then existing Money Judgment balance.

### III.    CONCLUSION

For the foregoing reasons, the United States respectfully moves for a Preliminary Order of Forfeiture forfeiting Defendant's interest in the Money Judgment and the Seized

//

//

//

Motion for Preliminary Order of Forfeiture - 6
*United States v. Hadis Nuhanovic,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Currency as substitute property in satisfaction thereof. A proposed order is submitted

2    herewith.

3           DATED this 26th day of January, 2023.

4

5                                          Respectfully submitted,

6                                          NICHOLAS W. BROWN
                                           United States Attorney
7

8                                           s/ Jehiel I. Baer

9                                          JEHIEL I. BAER
                                           Assistant United States Attorney
10                                         United States Attorney's Office
                                           700 Stewart Street, Suite 5220
11                                         Seattle, WA  98101
                                           Phone: (206) 553-224
12                                         Fax: (206) 553-6934
                                           Jehiel.Baer@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Motion for Preliminary Order of Forfeiture - 7
*United States v. Hadis Nuhanovic,* CR20-151-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on January 26, 2023, I electronically filed the foregoing with

4  the Clerk of the Court using the CM/ECF system, which sends notice of the filing to all

5  ECF participants of record.

6

7

8                                    *s/ Chantelle Smith*
                                     CHANTELLE SMITH
9                                    FSA Supervisory Paralegal, Contractor
                                     United States Attorney's Office
10                                   700 Stewart Street, Suite 5220
                                     Seattle, Washington 98101
11                                   Phone: (206) 553-2242
                                     Fax: (206) 553-6934
12                                   Chantelle.Smith2@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Motion for Preliminary Order of Forfeiture - 8
*United States v. Hadis Nuhanovic,* CR20-151-RAJ