The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR20-151RAJ |
| Plaintiff, | |
| v. | DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM |
| HADIS NUHANOVIC, | |
| Defendant. | |

Defendant Hadis Nuhanovic ("Mr. Nuhanovic") respectfully submits this Sentencing Memorandum to assist the Court in calculating the applicable Advisory Guidelines sentencing range and determining a reasonable sentence pursuant to 18 U.S.C. § 3553(a).

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 1
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Mr. Nuhanovic comes before the Court with no prior convictions. He has been happily married since 2011, and he and his wife care for their two-year-old son in a quiet suburb near Atlanta, Georgia. (PSR ¶ 81, 84). In 2011, Mr. Nuhanovic began working in e-commerce, eventually developing his work into a successful 3P seller business. (PSR ¶ 83). He created this life through hard work and devotion to his family, despite being the victim of a war that turned him into a refugee at an early age.

As the Superseding Information details, Mr. Nuhanovic took a number of unlawful shortcuts to advance his e-commerce business, and he stands before the Court ready to take responsibility for his actions. The Government asks that the Court adopt the PSR's finding that the total offense level is 17 with a Guidelines range of 24 to 30 months. The defense contends that the total offense level should be 15 (after the two counts in the Superseding Information are placed into the same group under § 3D1.2) with a Guidelines range of 18 to 24 months. Under either finding, based on Mr. Nuhanovic's history and his culpability in relation to other co-defendants, the defense respectfully requests that the Court sentence Mr. Nuhanovic to one year and a day in custody followed by a period of supervised release.

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 2
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OBJECTIONS TO THE PSR

The defense objects to the probation office's grouping of the conspiracy to violate the Travel Act count (Count 1) and the tax evasion count (Count 2). Specifically, the PSR places the two counts into separate groups (both of which have total offense levels of 18) and then adds 2 levels under § 3D1.4. The defense maintains that these two counts should fall into the same group under § 3D1.2, which provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Subsection (c) states that counts "involve substantially the same harm... [w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts."

In *United States v. Haltom*, 113 F.3d 43 (5th Cir. 1997), the defendant profited from a false invoice scheme and then failed to report the illegally obtained income for four years. He entered a guilty plea to one count of mail fraud (with a total offense level of 20) and four counts of tax evasion (with a total offense level of 16). The district court refused to place the mail fraud count and the tax evasion counts into the same group, resulting in an additional two levels under § 3D1.4. The Fifth Circuit vacated the sentence, noting that "[t]he stated purpose of the grouping rules is to

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 3
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

ensure that a defendant convicted of multiple offenses receives 'incremental punishment for significant additional criminal conduct.'" *Id*. at 45. The Court found: "Haltom's offense level for tax evasion was increased by 2 because his unreported income was derived from criminal activity, *i.e.*, the mail fraud alleged in count one. It is therefore indisputable that the mail fraud count 'embodies conduct that is treated as a specific offense characteristic' of the tax evasion counts.'" *Id*., at 46.

As in *Haltom*, the conspiracy to violate the Travel Act count embodies conduct that is treated as a specific offense characteristic of the tax evasion count. Specifically, the offense level for tax evasion was increased by 2 because Mr. Nuhanovic's unreported income was derived from criminal activity (*i.e.*, the Travel Act conspiracy in count one). For this reason, there should be no incremental punishment under § 3D1.4.

While Counsel is not aware of a Ninth Circuit case touching directly on this issue, Counsel notes that other circuits have rejected or questioned the Fifth Circuit's rationale in *Haltom*. *See*, *United States v. Doxie*, 813 F.3d 1340 (11th Cir. 2016); *United States v. Vucko*, 473 F.3d 773 (7th Cir. 2007); *United States v. Peterson*, 312 F.3d 1300 (10th Cir. 2002); *United States v. Vitale*, 159 F.3d 810 (3rd Cir. 1998); *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001). Counsel also notes that

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 4
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

in *United States v. Smith*, 424 F.3d 992, 1015 (9th Cir. 2005), the Ninth Circuit affirmed the district court's decision to group tax counts separately from money laundering and mail and wire fraud counts. The Court in *Smith*, however, only reviewed subsections (a) and (b) of § 3D1.2, which concern whether the counts involved the same harm and victim. Here, the defense argues under subsection (c) of § 3D1.2.

As the plain language of § 3D1.2(c) strongly suggests that the two counts in the instant case should be placed into the same group, there should be no incremental punishment. The total offense level for Mr. Nuhanovic should therefore be 15 with a Guidelines range of 18 to 24 months.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

As the Court is well aware, the Guidelines are advisory, and the Court must ultimately impose a sentence that is "sufficient, but not greater than necessary" after considering the sentencing factors under 18 U.S.C. § 3553(a).

Among the factors under § 3553(a), the Court is required to consider: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for the sentence imposed to afford adequate deterrence to criminal conduct, and 4) the need to avoid unwarranted sentence disparities among

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 5
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

defendants with similar records who have been found guilty of similar conduct.

I.     Nature and Circumstances of the Offense

Mr. Nuhanovic committed illegal acts, including paying Amazon employees in exchange for information, helping Client-1 with reinstatement of a suspended account, and playing a role in causing the suspension of Client-1's competitor. (PSR ¶ 31-32, 35-37). Mr. Nuhanovic takes full responsibility for his actions and the harm he caused. It is important, however, to compare Mr. Nuhanovic's role in the charged conspiracy with the other co-defendants.

A.     Mr. Nuhanovic's role in the conspiracy

The Superseding Information lists co-defendants Ephraim Rosenberg and Joseph Nilsen before Mr. Nuhanovic. (Doc. 146, p. 9-10). There is a good reason for this. Rosenberg and Nilsen both operated consulting businesses aimed at 3P sellers. They were savvy consultants, and both men had significant contacts inside Amazon that they used in order to help their clients. Rosenberg "*hosted an annual 3P seller conference in Brooklyn*" and "*hosted interactive 3P consulting webinars*." *Id*. at 9. Nilsen founded the consulting company Digital Checkmate, Inc. and offered 3P sellers a host of consulting services. *Id*. at 9-10. Similarly, Leccese, the vice president of Digital Checkmate, Inc., worked for Nilsen and was intimately involved

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

in his consulting business. *Id*. at 9-10. Mr. Nuhanovic, on the other hand, was primarily a 3P seller and focused on growing his 3P seller business.

On the other side of the coin are co-defendants Nishad Kunju and Rohit Kadimisetty. In its previously filed sentencing memorandum, the Government explained that Nilsen contacted Kadimisetty, a former Amazon employee, in 2017 and that Kadimisetty "*then played a key role in starting the conspiracy*." (Doc. 110, p. 11). The Government explained that Kadimisetty "*helped to corrupt Amazon employees in India and connect them with his co-conspirators across the United States*." *Id*. at 10-12. Kadimisetty corrupted multiple Amazon employees, coordinated bribes and the theft of information from Amazon, and took orders from consultants. *Id*. at 12. Kunju, a trusted Amazon employee, took many of the bribes and, as discussed below, completed many of the requested tasks.

The Superseding Information spans 33 pages and 40 paragraphs. (Doc. 146). Paragraphs 28 through 37 detail the "*Overt Acts*" of the charged conspiracy. *Id*. at 19. Notably, Mr. Nuhanovic is only mentioned in three (3) of the ten paragraphs. Nilsen, however, is featured in each of the ten (10) paragraphs and Kunju is named in nine (9) of the paragraphs. Paragraph 28, which contains 12 subparts and details a series of bad acts, names Nilsen, Rosenberg, and Leccese, but it does not mention

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 7
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

Mr. Nuhanovic. (Doc. 143, p. 18-21). Paragraph 29 falls under a section titled "*Examples of Misappropriation of Internal Files and Information*." *Id*. at 146. While Nilsen, Rosenberg, Leccese, and Kunju are mentioned, Mr. Nuhanovic is not.

In Paragraph 30, under a section titled "*Examples of Reinstatement,*" Mr. Nuhanovic is mentioned. *Id*. at 22-23. This paragraph explains that in June of 2018, Mr. Nuhanovic used an Amazon employee to help reinstate Client-1's seller account. It is important to note that Client-1's business partner was a personal friend to Mr. Nuhanovic, and it was in that capacity that Mr. Nuhanovic agreed to help Client-1. It is also important to note that Mr. Nuhanovic did not have the ability or contacts inside Amazon to reinstate Client-1's account. Instead, Nilsen and Leccese were enlisted to help Client-1. Indeed, the paragraph notes that Nilsen and Leccese, with the help of Kunju, prepared a plan of action containing false representations for Client-1 to submit to Amazon in order gain reinstatement. *Id*. at 23.

Paragraph 31 explains that Client-1's account was again suspended in December of 2018. *Id*. at 23. Once again, Mr. Nuhanovic enlisted the help of Nilsen to assist his friend's business. Nilsen, with the help of Kunju, prepared a plan of action and conducted a conference call with members of Amazon's seller support team. When Nilsen's efforts failed, Nilsen enlisted Rosenberg. As the Information

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 8
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

details, Rosenberg contacted Amazon employees and created a video before the account was eventually reinstated.

Paragraph 32 discusses the reinstatement of a seller account owned by Client-2, but Mr. Nuhanovic's name does not appear in this paragraph. Paragraph 33 discusses reinstatement of an account owned by Client-3, but Mr. Nuhanovic's name does not appear in this paragraph. Paragraph 34 discusses reinstatement of a product listing owned by Client-4. Again, Mr. Nuhanovic's name does not appear in this paragraph.

Paragraph 35 does mention Mr. Nuhanovic. This paragraph explains that Client-1, in June of 2018, requested that a seller account belonging to Victim-1 be attacked. Similar to paragraph 30, it was not Mr. Nuhanovic's abilities and connections that were used to suspend Victim-1's account. Rather, it was Nilsen who registered a domain name, pretended to be a member of a law group, and submitted a fabricated complaint to Amazon in order to cause the suspension of Victim-1's account. Paragraphs 36 and 37 detail two more victims (Victim-2 and Victim-3) but nowhere does Mr. Nuhanovic's name appear in these paragraphs.[1]

---

[1] Notably, Paragraph 36 explains that it was Nilsen who uploaded a "flat file" to Amazon's computer network which resulted in Victim-2's product listing to show a lewd image.

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 9
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

A close reading of the Superseding Information also shows that it is replete with bad acts committed by "*Defendant's Co-Defendants*" but not by Mr. Nuhanovic personally. *See*, Paragraph 3 (adulterating victims' product listings with lewd or offensive images); Paragraph 26(p) (eliminating limits of 3P seller account's ability to store hazmat inventory); Paragraph 26(q) (erasing shipping tracking information which caused Amazon to reimburse sellers for inventory); Paragraph 29(b) (misappropriating data for Consultant-1); Paragraph 32 (helping Client-2 reinstate his account); Paragraph 33 (helping Client-3 reinstate his account); Paragraph 34 (helping Client-4 reinstate his account). *See also*, Paragraphs 26(h), (m)(i).

In a message sent by Nilsen on January 11, 2019 concerning the reinstatement of Client 1's account, Nilsen explained how he viewed the hierarchy within the conspiracy: "…*does [Client-1] know how lucky he is that his Asian partner got in touch with some guy in atl who got in touch with some guy in ny who got in touch with some Orthodox Jew out of Brooklyn who got in touch with somebody high up and paid them off to save his account*."

To be clear, Mr. Nuhanovic (the "*guy in atl*") was a member of the conspiracy and committed unlawful acts, but his influence was limited when compared to others. He did not possess the ability to carry out the reinstatements and suspensions,

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 10
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

and he was not in a position of trust at Amazon to complete the requested tasks. He also did not personally engage in a number of the bad acts cited in the Superseding Information. And unlike Rosenberg and Kunju, he has taken responsibility for his wrongful conduct by entering a plea of guilty.

      B.    <u>The tax count.</u>

      Mr. Nuhanovic failed to pay the full amount of the taxes he owed to the IRS. He has taken full responsibility for this failure, and he intends to pay the $160,453.00 owed to the IRS into the registry of the court before the sentencing hearing on February 10, 2023. Mr. Nuhanovic has also requested that he be able to immediately pay all penalties associated with the outstanding taxes, but the defense has been informed that the IRS will calculate such penalties at a later date. When he is informed of any penalty, Mr. Nuhanovic intends to immediately pay the IRS to satisfy this obligation.

II.   <u>History and Characteristics of the Defendant</u>

      It is undisputed that Mr. Nuhanovic has no criminal history and has fully complied with all conditions of his release. (PSR ¶ 6). He is a devoted husband and caring father to his two-year old son. He also helps to care for his parents who speak little English. (PSR ¶ 82-84). He is the sole provider for his family, and he is well

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 11
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

aware that his absence may significantly impact his family's financial stability. His primary fears are being away from his wife for a significant period of time and the impact that his absence will have on his young son's development and emotional state. (PSR ¶ 83-84).



*(Mr. Nuhanovic with his wife and son.)*

Mr. Nuhanovic's devotion to his family and the drive to create a comfortable life for them has its roots in a much darker time. In 1994, Mr. Nuhanovic's family fled Bosnia and Herzegovina as the result of war and ethnic cleansing.[2] His family

---

[2] It is estimated that more than 2 million people were displaced as a result of the war. *See*, https://en.wikipedia.org/wiki/Ethnic_cleansing_in_the_Bosnian_War (last accessed January 31, 2023).

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 12
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W Peachtree Street
NW Suite 2750
Atlanta, Georgia 30309
(404) 855-1325

was targeted due to their religious affiliation, and his father still carries a bullet embedded in his body from the conflict. To escape the violence and a certain death sentence, Mr. Nuhanovic's family gathered what few possessions they could carry and then walked 50 kilometers to a border town near Croatia. When life again became too dangerous, his family walked an additional 20 kilometers to a refugee camp in Croatia.

For two years, Mr. Nuhanovic lived with his family in makeshift homes (which often consisted of little more than a tent). Food was scarce. Rats were plentiful. Winters were cold. Violence and sickness were commonplace. His family had been stripped of their homes, possessions, and dignity, and they were at all times at the mercy of strangers for survival.[3] One news article described the camp as having "*horrific*" conditions and explained that "*refugees lived in makeshift tents on a 3-mile stretch of road, without running water, electricity or gas.*"[4]

---

[3] An AP news video from 1995 shows the living conditions of the camp in Croatia. *See*, https://www.youtube.com/watch?v=m6qeirBqPEc (last accessed January 31, 2023).

[4] *See*, https://apnews.com/article/919f39f708ae1e502c6849f9db92d7d2 (last accessed January 31, 2023).

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 13
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

1
2
3
4
5
6
7
8
9
10
11
12



*(Mr. Nuhanovic (middle) and his family in the refugee
camp shortly before immigrating to the United States.)*

13     Fortunately, this country extended Mr. Nuhanovic's family a second chance
14
at life, and his family immigrated to the United States in 1996. While they no
15
16 longer feared for their lives, new challenges arose, including fitting into a society
17
skeptical of their religion and trying to find work. Mr. Nuhanovic remembers his
18
19 family wondering how they were going to make a living and having to root
20
21 through dumpsters for furniture. His family eventually moved to Iowa where his
22 mother and father worked grueling hours in a meat packing plant for nearly two
23 decades. Through hard work, his parents were able to provide a stable life for Mr.
24
25 Nuhanovic, and he was able to focus on school, marriage, and creating a business
26 of his own to ensure that his family would have a decent life.
27
28

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 14     Jess Johnson
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ     Jess Johnson Law, LLC
1180 W Peachtree Street
NW Suite 2750
Atlanta, Georgia 30309
(404) 855-1325

Mr. Nuhanovic's wife has provided a character letter which is attached to this memorandum. (See, Exhibit 1). She explains that she met Mr. Nuhanovic when they were teenagers and that they have now been together for 14 years. She explains that they had similar backgrounds and challenging childhoods. She describes her husband as being "*a good man with a good heart*." She explains that the current case has had a deep impact on their emotional states. Her largest concern is having to explain to their son where Mr. Nuhanovic has gone, and she asks that the Court "*take into consideration how loved and needed [her] husband is*" by his family.

Mr. Nuhanovic's brother, Haris Nuhanovic, has also provided a letter in support. (See, Exhibit 2). He explains that he and his brother grew up alone much of the time because their parents had to work to support them: "*Coming from the poorest country in Europe and escaping terrible ethnic cleansing due to being Muslim, my parents thought they needed to come to America and work, work, work to get us a home, a car and food on the table*." He explains that his brother helped raise him and that Mr. Nuhanovic took on many adult responsibilities at an early age. He states that Mr. Nuhanovic "*is the glue to our family*" and "*puts everyone*

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 15
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

1   *first and himself last.*" His brother also notes that Mr. Nuhanovic has "*taken full*

2

3   *accountability*" and that "*I can see his regret and suffering.*"

4        It would be easy to say that Mr. Nuhanovic committed the illegal acts in the

5   Superseding Information based purely out of greed. But that would be an

6

7   oversimplification of his root desire to provide for his family. He now recognizes

8   the harm that he caused, and he is remorseful for his actions. His primary goal

9

10  moving forward is to provide for his family in a lawful and ethical way and to be a

11  productive member of society.

12  III.   The Need for the Sentence Imposed to Afford Adequate

13

14         Deterrence to Criminal Conduct

15        This case has been a stark wake-up call for Mr. Nuhanovic. Mr. Nuhanovic's

16

17  home was searched by law enforcement in August of 2020, and in the 30 months

18  that have elapsed since the search, Mr. Nuhanovic has been a model citizen. The

19

20  search of his home was a traumatizing experience to both him and his wife, and

21  that instance alone has been enough to set him on the right course. As a young

22

23  father with no prior criminal history, any sentence handed down by the Court will

24  be enough to deter Mr. Nuhanovic from committing future criminal conduct.

25

26

27

28  DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 16      Jess Johnson
    *United States v. Nuhanovic, et al.*, No. CR20-151RAJ                Jess Johnson Law, LLC
                                                                         1180 W PEACHTREE STREET
                                                                         NW SUITE 2750
                                                                         ATLANTA, GEORGIA 30309
                                                                         (404) 855-1325

1   This case has also already served as a warning to 3P sellers who would
2
3   engage in illegal conduct. The indictment in the above-styled case made headlines
4   across the country and sent shockwaves through the 3P seller community. The
5
6   Government made its point that stealing information from Amazon will not be
7   tolerated, and the threat of a federal indictment is likely enough to deter most from
8   committing such conduct in the future.
9

IV.   The Need to Avoid Unwarranted Sentence Disparities
10

11      A significant downward variance from the Guidelines in this case is necessary
12
13  to avoid unwarranted sentence disparities. The U.S. Sentencing Commission's
14  Judiciary Sentencing INformation (JSIN) provides statistics on sentencing between
15  2017 and 2021 based on the type of offense and the offense level.[5] Under § 2B4.1,
16
17  defendants with a final offense level of 17 *who were sentenced to prison* received an
18  average sentence of 15 months and a median sentence of 15 months.[6] For all
19
20  offenders (probation and prison), the average sentence was 12 months and the
21  median sentence was 12 months. In the vast majority of cases, defendants received
22
23
24  _____
25  [5] There is an insufficient number of defendants sentenced under § 2DE1.2.
26  [6] *See*, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed January 30,
27  2023).
28  DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 17        Jess Johnson
    *United States v. Nuhanovic, et al.*, No. CR20-151RAJ                    Jess Johnson Law, LLC
                                                                             1180 W PEACHTREE STREET
                                                                             NW SUITE 2750
                                                                             ATLANTA, GEORGIA 30309
                                                                             (404) 855-1325

a downward variance or departure (46%) or credit for substantial assistance (39%).

Only 14% of defendants received a sentence within the Guidelines range. Moreover,

after excluding defendants who received a § 5K1.1 departure, 26% of defendants

received probated sentences.[7]

It should also be noted that the loss amount in the instant case is far less than

in most cases which employ § 2B4.1. According to the Sentencing Commission's

2021 Source Book of Federal Sentencing Statistics, the average loss amount for

offenders sentenced under § 2B4.1 was more than $10,000,000 and the median loss

amount was nearly $400,000.[8] Here, the loss amount is significantly lower.

In the Western District of Washington, there do not appear to be any

reported cases sentenced under § 2B4.1 in recent years.[9] For fraud and theft cases,

however, the statistics show that the average sentence in this district in 2021 was

---

[7] The average sentence for all defendants with a total offense level of 15 is 14
months but the percentage sentenced to probation drops to 10%.

[8] *See*, https://www.ussc.gov/sites/default/files/pdf/research-and-
publications/annual-reports-and-
sourcebooks/2021/2021_Annual_Report_and_Sourcebook.pdf (Table E-6) (last
accessed January 30, 2023).

[9] *See*, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last accessed January 30,
2023).

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 18
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

16 months while the national average was 20 months.[10] Consistency in sentencing

in the Western District of Washington would suggest that a sentence lower than the

national average is proper. A sentence of 12 months and one day would therefore

not create an unwarranted sentencing disparity, especially when taking into

account Mr. Nuhanovic's unique history, role in the offense, earnest remorse, and

quick repayment to the IRS.[11]

---

[10] *See*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2021/waw21.pdf (Table 7) (last accessed January 30, 2023).

[11] In one recent case in the Central District of California, a defendant was sentenced to 18 months for stealing $1.3 million from Amazon through a fraudulent refund scheme. *See*, https://www.justice.gov/usao-cdca/pr/hacienda-heights-man-sentenced-18-months-federal-prison-stealing-13-million-amazon (last accessed January 30, 2023).

DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 19
*United States v. Nuhanovic, et al.*, No. CR20-151RAJ

Jess Johnson
Jess Johnson Law, LLC
1180 W PEACHTREE STREET
NW SUITE 2750
ATLANTA, GEORGIA 30309
(404) 855-1325

1
## CONCLUSION

2     For the above stated reasons, Mr. Nuhanovic respectfully requests that the

3
4  Court sentence him to one year and a day followed by a period of supervised release.

5     This 2nd day of February, 2023.

6
7                                    /s/ Jess B. Johnson
                                     Jess B. Johnson
8                                    Jess Johnson Law, LLC
                                     Georgia Bar No. 322066
9                                    1180 W Peachtree Street NW
10                                   Suite 2075
                                     Atlanta, Georgia 30309
11                                   (404) 855-1325
12                                   jess@jessjohnsonlaw.com

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  DEFENDANT HADIS NUHANOVIC'S SENTENCING MEMORANDUM- 20        Jess Johnson
    *United States v. Nuhanovic, et al.*, No. CR20-151RAJ         Jess Johnson Law, LLC
                                                                  1180 W PEACHTREE STREET
                                                                  NW SUITE 2750
                                                                  ATLANTA, GEORGIA 30309
                                                                  (404) 855-1325